ARDIT MOSAIC TILE & MARBLE CO., APPELLEE, *v.* ROADWAY EXPRESS, INC., APPELLANT.

(No. 85AP-295—Decided August 8, 1985.)

*Ward, Kaps, Bainbridge, Maurer, Bloomfield & Melvin, Dennis O. Kaps* and *Christopher J. Kempf,* for appellee.

*Price, Berry & Shoemaker* and *Kevin L. Shoemaker,* for appellant.

STERN, J. Appellant brings this appeal from a decision of the trial court which found it liable for damage incurred to marble shipped to appellee from Georgia. The shipment being an interstate delivery of goods, the relative federal laws prevail. The case was considered by the trial court on an agreed and supplemental stipulation of facts.

The salient portions of the agreed statement of facts are:

"2. Defendant [carrier] picked up undamaged, sealed containers containing the marble pieces for delivery from Nelson, Georgia to Columbus, Ohio.

"3. [Neither] Plaintiff [consignee] nor Defendant [carrier] are aware of the condition of the marble pieces at the time when Defendant picked up the containers in Nelson, Georgia.

"4. Upon delivery to Plaintiff [consignee], the containers were undamaged.

"5. The containers were unloaded at the plant and damage to the marble was not discovered until the containers were opened."

Appellant's sole assignment of error is:

"The trial court erred in finding that appellant, Roadway Express, Inc., is responsible for damaged items shipped where there is no proof that the items were in an undamaged condition when delivered to appellant."

The rule as to the condition of goods when delivered to a carrier is that the issuance by a carrier of a bill of lading which, containing no notation of visible damages or defects, includes an affirmative acknowledgement that on receipt the goods to be shipped were in "good order" or "apparent good order," has been generally held to constitute *prima facie* evidence that the goods were received in good condition, at least with respect to external matters. 14 American Jurisprudence 2d (1964) 133, Carriers, Section 619.

The principle of law presented by this appeal was determined in the case of *Missouri Pacific RR. Co.* v. *Elmore & Stahl* (1964), 377 U.S. 134, 137, which ruled:

"* * * [A] carrier, though not an absolute insurer, is liable for damage to goods transported by it unless it can show that the damage was caused by '(a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods.' Interstate Commerce Act, Section 20(11), Title 49, U.S. Code."

In light of the responsibility required of a carrier when it accepts goods apparently packaged in good condition, and the contained goods are found to be damaged by the consignee, the carrier must go forward in defending its position in litigation in accordance with the rule announced in *Missouri Pacific RR. Co.* v. *Elmore & Stahl, supra.*

It is to be noted that, in an action for loss or injury to property entrusted to a carrier for transportation, the consignor has the burden to establish, by a preponderance of the evidence, delivery of goods to the carrier, that the goods were delivered to the carrier in good condition, and that they were delivered to the consignee in a damaged condition. 14 American Jurisprudence 2d (1964) 130-133, Carriers, Sections 616, 618.

The record in this case does not indicate that the carrier went forward with any proof required by that principle of law.

Since this case involves a claim by the consignee, rather than the consignor, against the carrier, the burden of presenting evidence as to the condition of the goods when received by the carrier from the consignor is appropriately placed upon the carrier, since the bill of lading noted no exceptions to the goods being "in apparent good order" when received by the carrier. The parenthetical statement "contents and condition of contents of packages unknown" is not sufficient to detract from the *prima facie* effect of the bill of lading as between the consignee and the carrier. As stated in *Missouri Pacific RR. Co.* v. *Elmore & Stahl, supra,* at 144:

"* * * We are not persuaded that the carrier lacks adequate means to inform itself of the condition of goods at the time it receives them from the shipper, and it cannot be doubted that while the carrier has possession, it is the only

one in a position to acquire the knowledge of what actually damaged a shipment entrusted to its care."

Based upon the state of the record of proceedings presented to us for our consideration, the assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and BROWN, JJ., concur.

LEONARD J. STERN and WILLIAM B. BROWN, JJ., retired, of the Supreme Court of Ohio, were assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.